UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE ANN A.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 21-02727-RAO <br><br> AMENDED ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B) OF THE SOCIAL SECURITY ACT |

Before the Court is a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) of the Social Security Act ("Motion") filed by counsel ("Counsel") for Plaintiff Leslie Ann A. ("Plaintiff"). Dkt. No. 22. For the reasons stated below, the Court **GRANTS** Counsel's Motion.

I. **BACKGROUND**

On March 30, 2021, Plaintiff filed a complaint in this Court challenging the Commissioner's decision to deny her application for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB"). *See generally* Dkt. No.

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1. On August 9, 2021, based on the parties' Joint Stipulation to Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), the Court issued an order remanding the matter to the Social Security Administration. Dkt. No. 17-18. Judgment was entered the same day. Dkt. No. 19.

The Court later entered an order granting the parties' Stipulation for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. No. 20. Pursuant to that order, the Court awarded Counsel $1,000.00 in EAJA fees. Dkt. No. 21.

On May 10, 2022, the Social Security Administration sent Plaintiff a Notice of Decision – Partially Favorable. Dkt. No. 22-2. And on May 21, 2022, The Social Security Administration sent Plaintiff a Notice of Award informing Plaintiff that $11,301.78 of the past-due benefits had been withheld to pay her representative.[2] Dkt. No. 22-3 at 4.

In the Motion, Counsel requests $10,000.00 of the past-due benefits awarded to Plaintiff for attorney's fees pursuant to 42 U.S.C. § 406(b), which represents less than 25 percent of the past-due benefits. Mot. at 1. The Commissioner filed a Response to the Motion but did not take a position on the reasonableness of the request. Dkt. No. 25.

II. **DISCUSSION**

   A. **42 U.S.C. §406(b) Fees**

An attorney who represents a Social Security benefits claimant in court may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant, payable "out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). Attorneys may not obtain additional fees based on a claimant's continuing entitlement to benefits. *Id*.

---

[2] The Notice of Award does not state the total amount of past-due benefits that Plaintiff will receive. However, assuming $11,301.78 represents 25 percent of the total award, Plaintiff's total past-due benefits equals approximately $45,207.12.

In *Crawford v. Astrue*, the Ninth Circuit addressed the calculation of attorney fees, stating that "[a] district court charged with determining a reasonable fee award under § 406(b) must respect . . . 'lawful attorney-client fee agreements . . . looking first to the contingent-fee agreement, then testing it for reasonableness.'" 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)). However, "the court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Attached to the Motion, Counsel provides a summary of hours indicating that Counsel's firm spent a total of 5.62 hours on this matter, a combination of 3.52 hours of attorney time and 2.1 hours of paralegal time. Mot. at 3; Dkt. No. 22-4. Approximately, .5 hours of this time was spent on work related to communications with the Appeals Board and/or regional counsel. *See* Dkt. No. 22-4. The Court will only consider time expended in federal court. See 42 U.S.C. § 406(b).

Several reasons indicate that Counsel's request is reasonable and that the Motion should be granted.

First, the Court notes that Plaintiff agreed, in writing, to Counsel receiving 25 percent of any back pay awarded, contingent, of course, upon a favorable outcome.[3] *See* Dkt. No. 22-1. Plaintiff was ultimately awarded back payments. By contract, Counsel is entitled to up to 25 percent of the amount of those back payments but is seeking slightly less than the full 25 percent. Voluntarily requesting less than the allowable 25 percent is a factor in the reasonableness analysis. *See Crawford*, 586 F.3d at 1152 (considering that counsel had voluntarily reduced the fees from the allowable 25 percent in analyzing whether the attorney enjoyed a "windfall"); *Wenzel v. Colvin*, No. EDCV 11-0338-JEM, 2014 WL 3810247, at *3 (C.D. Cal. Aug. 1,

---

[3] In contracting with Plaintiff on a contingency basis, Counsel assumed the risk of nonpayment, and would receive the 25-percent fee *only if* Plaintiff received benefits by a decision of the Social Security Administration or by judgment of this Court.

2014) ("Taking less than the full 25% recovery obviously makes the high *de facto* hourly rates more reasonable.").

Second, the Court recognizes that Counsel obtained a favorable result for Plaintiff, *i.e.*, a stipulated remand to the Commissioner for further administrative proceedings, and an ultimate award of retroactive benefits.

Third, neither the Commissioner nor Plaintiff alleges that Counsel was responsible for any delays, or that the quality of representation was substandard. *See Gisbrecht*, 535 U.S. at 808 (holding that a reduction of fees may be appropriate if there were any delays or if the representation was substandard).

Fourth, Plaintiff has been served with a copy of the Motion, Mot. at 2, 16, as well as the Court's August 1, 2022 Order, providing instructions on how Plaintiff can object to the instant Motion, *see* Dkt. No. 23. Plaintiff has not filed any objections or other comments or otherwise communicated with the Court.

### B.   EAJA Fees

An attorney must refund to the client EAJA fees received when the § 406(b) award exceeds the EAJA fees. *See Gisbrecht*, 535 U.S. at 796. Here, Counsel received $1,000.00 in EAJA fees and will be awarded $10,000.00 in § 406(b) fees. Since Counsel will receive a § 406(b) fee larger than the EAJA fees, Counsel must reimburse the full EAJA fees to Plaintiff.

### III.   CONCLUSION

Consistent with the foregoing, IT IS ORDERED that Counsel's Motion for Attorney's Fees in the amount of **$10,000.00** is **GRANTED**. IT IS FURTHER ORDERED that Counsel shall reimburse Plaintiff the amount of **$1,000.00** for EAJA fees previously paid by the Commissioner.

DATED: November 7, 2022

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE